UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

DILTON AMERICO MERLOS PORTILLO,

Petitioner,

v.

WARDEN et al.,

Respondents.

Case No. 5:26-cv-06120-SB-MAR

ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS

Petitioner Dilton Americo Merlos Portillo, a citizen of El Salvador, is detained at the Adelanto ICE Processing Center. On September 2, 2026, this Court ordered the government to provide Petitioner with a bond hearing before an immigration judge (IJ). At the bond hearing, the IJ concluded that Petitioner presented a flight risk. Petitioner then filed this second petition for a writ of habeas corpus challenging the bond hearing and his continued detention. The Court denies the petition.

I.

Petitioner reentered the United States after being removed and was arrested on January 19, 2026. Dkt. No. 1 at 3. He remains in immigration custody subject to a reinstated removal order, with withholding-only proceedings pending. *Id.*

On July 31, he filed a petition for a writ of habeas corpus challenging his warrantless arrest on Fourth Amendment grounds and his detention on procedural and substantive due process grounds. *Portillo v. Acting or Current Warden*, Case No. 5:26-cv-04348-SB-MAR, Dkt. No. 1. After the government failed to address Petitioner's due process argument, the Court ordered a bond hearing. *Id.*, Dkt. No. 13. The government provided a bond hearing on September 23, a date requested by Petitioner. Dkt. No. 1 at 3. The IJ denied bond because he determined that

Petitioner posed a high risk of flight. Dkt. No. 10-2. Petitioner reserved his right to appeal but did not do so. *Id.*

Petitioner filed this habeas petition on October 15, renewing his substantive due process claim under *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001), and challenging the adequacy of his bond hearing under the Due Process Clause and the Administrative Procedure Act. Dkt. No. 1. The government argues that the abuse-of-the-writ doctrine bars this petition and alternatively that Petitioner failed to exhaust his administrative remedies. Dkt. No. 10 at 3–7. Petitioner replies that the exhaustion requirement should be waived because administrative review would be inadequate and futile. Dkt. No. 1 at 15–18; Dkt. No. 12 at 9–11.

II.

A district court may grant habeas relief when a petitioner demonstrates that he is in custody in violation of federal law. 28 U.S.C. § 2241(c)(3); *see Magana-Pizano v. I.N.S.*, 200 F.3d 603, 609 (9th Cir. 1999) (stating that § 2241 permits federal courts to grant habeas relief to aliens detained "in custody in violation of the Constitution or the laws or treaties of the United States").

The abuse-of-the-writ doctrine permits a district court to decline to consider claims raised for the first time in a successive habeas petition that could have been raised previously. *Barapind v. Reno*, 225 F.3d 1100, 1110 (9th Cir. 2000). The government bears the burden of pleading abuse of the writ with "clarity and particularity," including identifying the allegedly barred claims. *Id.* at 1111 (quoting *McCleskey v. Zant*, 499 U.S. 467, 494–95 (1991)). Here, the government argues that the petition is barred because Petitioner challenges the same detention. Dkt. No. 10 at 3–4. But the mere fact that Petitioner again challenges his detention does not establish abuse of the writ. His claims challenging the adequacy of the September bond hearing and his resulting detention could not have been asserted in his prior petition because they arose only after the Court granted relief in that proceeding. *See Barapind*, 225 F.3d at 1112. And while Petitioner previously challenged his detention under *Zadvydas*, the government does not identify that claim or explain why its renewal constitutes abuse of the writ. The government has therefore failed to carry its burden.

III.

Petitioner first claims that his detention is unlawful under *Zadvydas*. Because Petitioner is subject to a final removal order, he is detained under 8 U.S.C. § 1231. Section 1231 requires detention during a 90-day removal period and

permits continued detention only for the time "reasonably necessary" to effect removal, as indefinite detention would raise Fifth Amendment due process concerns. *Zadvydas*, 533 U.S. at 689–90, 701. The presumptively reasonable detention period is six months. *Id.* at 701. After that period, "if the alien 'provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future,' the Government must either rebut that showing or release the alien." *Johnson v. Guzman Chavez*, 594 U.S. 523, 529 (2021) (quoting *Zadvydas*, 533 U.S. at 701). Thus, *Zadvydas* places the initial burden on the alien to show that detention under § 1231 is no longer reasonable. *Pelich v. INS*, 329 F.3d 1057, 1059 (9th Cir. 2003) (citation omitted).

Here, Petitioner has been detained for approximately 10 months. He argues that his removal is "legally barred" because his withholding-only proceedings remain pending. Dkt. No. 1 at 6. But withholding-only proceedings affect only the country of removal. *Johnson*, 594 U.S. at 538. The pendency of those proceedings does not establish that removal is unlikely in the foreseeable future. *Castaneda v. Perry*, 95 F.4th 750, 757–58 (4th Cir. 2024); *see also Prieto-Romero v. Clark*, 534 F.3d 1053, 1063–65 (9th Cir. 2008) (holding in the § 1226(a) context that removal delayed by judicial review did not leave the petitioner "stuck in a 'removable-but-unremovable limbo,' as the petitioners in *Zadvydas* were"). Petitioner has therefore failed to provide good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.

Petitioner's second claim challenges the September bond hearing. He claims that the IJ disregarded substantial evidence and ignored binding Board of Immigration Appeals (BIA) precedent in violation of his due process rights. Dkt. No. 1 at 8. Although Petitioner characterizes his challenge as constitutional, he still must exhaust his administrative remedies. *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011). Like the petitioner in *Leonardo*, he seeks "habeas review of the IJ's adverse bond determination before appealing to the BIA"—a "short cut" the Ninth Circuit deemed improper. 646 F.3d at 1160. Although Petitioner argues that an appeal would be futile and delay would aggravate his medical conditions, the BIA can remedy the alleged procedural errors, and Petitioner has not shown that administrative review would be futile, inadequate, or cause irreparable injury. *See Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007). Accordingly, his challenge to the constitutionality of the September bond hearing is dismissed without prejudice.

Petitioner's remaining claims allege that his continued detention following a "sham" bond hearing violates the APA and procedural due process. Dkt. No. 1 at

12–14. Because these claims rest on the same alleged defects in the bond hearing, they likewise are dismissed without prejudice for failure to exhaust.

IV.

The petition is denied without prejudice. A final judgment will separately issue.

Date: November 20, 2026

Stanley Blumenfeld, Jr.
United States District Judge